# Stern, Appellant, *v.* Haven.

*Practice, C. P.—Replevin—Affidavit of defense.*

In an action of replevin for the recovery of an automobile leased on a bailment, an affidavit of defense is insufficient, which admits the execution of the lease and default of payment, and avers that the car which the defendant received under the lease, was not the one contemplated in his negotiations with the plaintiff, some days prior to the signing of the lease and the transfer of the property. If the defendant, in such proceedings, believed himself to have been defrauded by a substitution of an inferior machine, it was his duty to return the car and demand the money, which had been paid in advance, or to keep it under the terms and conditions of the lease. He could not both keep the car and refuse to pay the rental as it accrued.

Argued Dec. 6, 1918. Appeal, No. 301, Oct. T., 1918, by plaintiff, from order of C. P. No. 4, Philadelphia Co., June T., 1918, No. 3501, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Milton Stern, trading as Auto Transit Company, v. William Haven. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Reversed.

Replevin for automobile.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Maxwell Pestcoe* and *Owen J. Roberts,* for appellant.

*T. Foster Thomas,* and with him *Joseph B. Thomas,* for appellee.

OPINION BY PORTER, J., July 17, 1919:

This is an action of replevin for an automobile. The court below discharged a rule for judgment for want of a sufficient affidavit of defense, which order the plaintiff now assigns for error. The plaintiff in his statement averred that "the title, right of property and right of possession in a certain used Studebaker touring car, motor No. 29884, was in him, that he had leased said car to the defendant, under the terms of a written lease, a copy of which was attached to the statement," that the car had been delivered to the defendant in pursuance of the lease that the lease required the defendant to pay rentals at designated times, that the defendant had failed to pay the installments of rent as they fell due and had refused to return the car to plaintiff, and that under the covenants of the lease the plaintiff was entitled to possession of the car.

The court below, in disposing of the rule for judgment for want of a sufficient affidavit of defense, filed an opinion stating that its action was based upon the ground that the affidavit of defense denied that he had ever come into possession of the bailed car and asserted that the car which the defendant retained was one other than that described in the plaintiff's statement. The length of the affidavit of defense and the ingenuity of counsel for the appellee seem to have led the court below to assume that the instrument contained averments which a careful reading of it does not discover. We do not find anything in the affidavit to be capable of such an interpretation. Stripped of redundant verbiage and unnecessary repetitions the affidavit attempts to set up a defense upon an entirely different ground. It contains several distinct admissions that the "used Studebaker touring car, motor No. 29884" described in plaintiff's statement and the lease signed by the defendant thereto attached, was delivered by the plaintiff to the defendant under said lease; that the defendant has continued to have possession of said car, and that he now has it carefully

stored, but he cautiously refrains from saying where it is stored. The affidavit does not deny that the defendant had failed to pay the rentals covenanted for in the lease. The facts alleged as a defense are as follows. The defendant, on June 17, 1918, went to the place of business of plaintiff and examined, tried and proved to be in good running order a used Studebaker car, "not the inferior one mentioned in the later alleged lease for which this suit is brought"; the car which he then examined he refers to as "a certain used good running Studebaker," but he states that he did not know the number of that car nor does he attempt to give any other description of it. He on that day orally agreed to purchase the car on the installment plan. On June 29th he returned to plaintiff's place of business for the purpose of closing the transaction. The affidavit avers that he was then shown the Studebaker touring car, motor No. 29884, described in the lease and in plaintiff's statement, and told that it was the car which he had previously examined and that he was thus fraudulently induced to sign the lease for that car, accept it under the terms of the bailment and agree to pay rental therefor. The affidavit contains this distinct averment, "the plaintiff fraudulently delivered to the defendant the different car, inferior used Studebaker touring car, the one for which this suit is brought and the one fraudulently meant by the plaintiff in his alleged lease." And, again, "Before the defendant so signed said alleged lease, he was fraudulently told and assured by the plaintiff that the Studebaker car mentioned in it was the same one he had bought and left there twelve days before and that had been proven such a good running car by both plaintiff and defendant." It is unnecessary to quote further from the affidavit in order to show that it distinctly admits that the car which the defendant has in his possession is the car described and designated in the lease and in plaintiff's statement.

The substance of the defense attempted to be set up is that at the time the lease was signed, the plaintiff fraudu-

lently brought out into the middle of his large garage the Studebaker car, motor No. 29884, which was practically worthless, but which looked like the superior car the defendant had previously examined and proved to be good, and plaintiff falsely and fraudulently represented to defendant that this was the car which he had previously examined and proved and that defendant not knowing the motor number of the car which he had examined at his former visit, relied upon the statement of the plaintiff, and entered into the lease for the car No. 29884 and took possession of it under the terms of the bailment. The defendant discovered the imposition which had been practiced upon him, that the car described in the lease and which he had accepted under the terms of the bailment was not the car which he had formerly examined, but was practically worthless, while he was driving it from the garage to his home, immediately after he had taken possession. When the defendant discovered the fraud which was practiced upon him he was put to his election, either to keep the car, use it and pay the rentals which he had covenanted to pay, or rescind the contract, return the car to the plaintiff and demand the amount of the rent which he had paid in advance. If he rescinded he must do so promptly upon discovery of the fraud. He could not both keep the car and refuse to pay the rental as it accrued, which he now asserts the right to do. The affidavit of defense was insufficient to prevent judgment.

The order of the court below is reversed and the record is remitted with direction to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.